# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANDREA MICKLE, on behalf of herself and all others similarly situated, | :<br>:<br>:  CIVIL ACTION NO.<br>:  1:14-CV-01189-SCJ |
| Plaintiff, | : |
| v. | :<br>: |
| COUNTRY CLUB, INC. d/b/a GOLDRUSH SHOWBAR, | :<br>:<br>: |
| Defendant. | : |

## ORDER

This matter appears before the Court on Defendant's Motion for Sanctions Against Joy Richardson. Doc. No. [40]. For the following reasons, Defendant's motion is **GRANTED**.

On April 14, 2015, the Court held a telephone conference regarding three discovery disputes between the parties. Doc. No. [37]. One dispute was related to Plaintiff Joy Richardson's failure to appear for her previously noticed deposition. During the conference, Plaintiff's counsel admitted that he lost contact with Ms. Richardson, and she had been unresponsive to him. To resolve this particular dispute, the Court ordered Plaintiff Richardson to appear for a deposition by Defendant at 10:00 AM on April 27, 2015. Doc. No. [38], p. 2. The

Court ordered the deposition to occur at the Law Office of Schulten, Ward & Turner in Atlanta, Georgia. Id. Finally, the Court warned Ms. Richardson that if "she does not appear for her scheduled deposition, then she risks dismissal from this action." Id. It is undisputed that Ms. Richardson did not appear for her deposition on April 27, 2015.

Defendant brings its motion for sanctions pursuant to Federal Rule of Civil Procedure 37(d). That rule provides that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A). The Court may choose from a list of sanctions, one of which includes "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(d)(3). Plaintiff requests that the Court dismiss Plaintiff Joy Richardson's claims with prejudice. Doc. No. [40-1], p. 4.

The Court is also authorized to dismiss Plaintiff's case under the Local Rules of the Northern District of Georgia. Local Rule 41.3 states,

> The court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff or plaintiffs attorney shall, after notice, fail or refuse to appear at the time and place fixed for pretrial or other hearing or trial in a case or fail or refuse to obey a lawful order of the court in the case.

LR 41.3(A)(2), NDGa. Federal Rule of Civil Procedure 41 contains a similar provision. It states, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Under both the Local Rules and the Federal Rules, such a dismissal operates as an adjudication on the merits unless the Court provides otherwise. See LR 41.3(B), NDGa; Fed. R. Civ. P. 41(b).

The Court finds that dismissal of Plaintiff Joy Richardson's claims is warranted under both Federal Rules 37(d) and 41(a), as well as Local Rule 41.3. Plaintiff Richardson clearly failed to appear at her duly noticed deposition and refused to obey a lawful order of this Court. But because "'[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances[,]'" the Court will dismiss Plaintiff Richardson's claims without prejudice. See Kelly v. Old Dominion Freight Line, Inc., 376 F. App'x 909, 913 (11th Cir. 2010) (quoting Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)).

Under Federal Rule 37, Defendant is also entitled to the reasonable expenses incurred, including attorney's fees, because of Plaintiff Richardson's failure to appear for her deposition unless the Court finds her failure was substantially justified or other circumstances exist that make an award of

AO 72A
(Rev.8/82)

expenses unjust. Fed. R. Civ. P. 37(d)(3). Neither Plaintiff's counsel nor Plaintiff Richardson responded in opposition to Defendant's motion for sanctions, so there is nothing before the Court that justifies Ms. Richardson's absence or demonstrates how awarding expenses would be unjust. Although Defendant did not specifically request expenses and attorney's fees in its motion, Rule 37 authorizes the award and Defendant may claim it by 5:00 PM on May 26, 2015.

## CONCLUSION

Defendant's Motion for Sanctions (Doc. No. [40]) is **GRANTED**, and Plaintiff Joy Richardson's claims are **DISMISSED WITHOUT PREJUDICE**. Defendant may file the appropriate motion and supporting documentation for expenses and attorney's fees against Plaintiff Joy Richardson under Federal Rule of Civil Procedure 37(d), if it chooses to do so, by 5:00 PM on May 26, 2015.

**IT IS SO ORDERED,** this 19th day of May, 2015.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)