IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREA MICKLE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRY CLUB, INC. d/b/a GOLDRUSH SHOWBAR,<br><br>Defendant. | CIVIL ACTION NO.<br>1:14-CV-01189-SCJ |

## ORDER

This matter appears before the Court on Defendant's Motion for Assessment of Reasonable Attorneys' Fees (Doc. No. [47]). Defendant seeks $2,394.00, calculated from 8.4 hours of work at $285 per hour. Doc. No. [47-1], p. 5. For the following reasons, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff Joy Richardson is **ORDERED** to pay Defendant's counsel $1,767.00 in attorneys' fees, calculated from 6.2 hours of work at $285 per hour.

### I. FACTUAL BACKGROUND AND LEGAL STANDARD

On April 22, 2014, Plaintiff Andrea Mickle filed a collective action complaint, alleging Defendant violated the Fair Labor Standards Act by

improperly classifying employees at its adult entertainment club as "independent contractors" in order to violate those employees' wage and working hours rights. Doc. No. [1], p. 1-2. Joy Richardson joined the suit as an opt-in plaintiff on September 5, 2014. Doc. No. [23]. In addition to Ms. Richardson, four other opt-in plaintiffs opposed Defendant. Doc. Nos. [4], [18]-[20].

Ms. Richardson failed to appear at her deposition, scheduled for April 6, 2015. Doc. No. [35], p. 1. She also stopped communicating with her counsel. Doc. No. [38], p. 2. After a phone conference related, in part, to Ms. Richardson's failure to appear, the Court ordered her to appear for a deposition or risk dismissal of her claims. Id. at p. 1-2. When Ms. Richardson again failed to appear, Defendant filed a Motion for Sanctions. Doc. No. [40]. Plaintiff Richardson did not respond to that motion, and the Court dismissed her claims without prejudice. Doc. No. [46], p. 4. Defendant then filed a Motion for Attorneys' Fees (Doc. No. [47]), and Plaintiff's counsel filed a Response in Opposition (Doc. No. [49]).

If a party fails to appear at a scheduled deposition, "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the

failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added). The Federal Rules use identical language to outline sanctions for a party's failure to comply with a court's discovery order. Fed. R. Civ. P. 37(b)(2)(C).

The starting point for awarding attorneys' fees is to determine the lodestar. ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). The lodestar "is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Id. (internal quotations omitted). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). With regards to a reasonable number of hours, fee applicants must exercise "billing judgment." Id. at 1301. This means that a reasonable number of hours "cannot include 'those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel.'" Frazier v. Wurth Indus. of N. Am., LLC, No. 1:08-cv-01634-JOF, 2009 WL 3277635, at *2 (N.D. Ga. Oct. 7, 2009) (quoting Norman, 836 F.2d at 1301).

After the lodestar is determined, the Court must next consider an adjustment for results obtained. <u>Norman</u>, 836 F.2d at 1302. The Eleventh Circuit stated,

> [i]f the result was excellent, then the court should compensate for all hours reasonably expended . . . . If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive . . . . In doing so, the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion . . . . A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole.

<u>Id.</u>

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." <u>Id.</u> at 1303. The applicant must supply the Court with sufficient evidence to determine the reasonable hourly rate. <u>Id.</u> "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. <u>Id.</u> at 1299. "Further, fee counsel should . . . maintain[] records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." <u>Norman</u>, 836 F.2d at 1303. "A well-prepared fee petition also

would
z

would include a summary, grouping the time entries by the nature of the activity or stage of the case." Id.

When an applicant claims fees for an unreasonable number of hours or where there is a lack of documentation or support for the fee request, "the court may make an award on its own experience." Id. at 1303.[1] In the end, the Court must bear in mind that "[a] request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

## II. ANALYSIS

Ms. Richardson failed to appear at her scheduled deposition, defying an order of the Court and meriting sanctions against her pursuant to Rule 37(d)(3) or Rule 37(b)(2)(C). See Doc. No. [38], p. 2 (warning that Ms. Richardson "risk[ed] dismissal from this action" if she failed to attend).

Rule 37(d) requires the Court to award Defendant "reasonable expenses, including attorney's fees, caused by the failure" of Ms. Richardson to attend a scheduled deposition, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Rule

---

[1] The Eleventh Circuit in Norman noted that, for centuries, the Court has been recognized as an expert on attorneys' fees. Id. "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

would include a summary, grouping the time entries by the nature of the activity or stage of the case." Id.

When an applicant claims fees for an unreasonable number of hours or where there is a lack of documentation or support for the fee request, "the court may make an award on its own experience." Id. at 1303.[1] In the end, the Court must bear in mind that "[a] request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

## II. ANALYSIS

Ms. Richardson failed to appear at her scheduled deposition, defying an order of the Court and meriting sanctions against her pursuant to Rule 37(d)(3) or Rule 37(b)(2)(C). See Doc. No. [38], p. 2 (warning that Ms. Richardson "risk[ed] dismissal from this action" if she failed to attend).

Rule 37(d) requires the Court to award Defendant "reasonable expenses, including attorney's fees, caused by the failure" of Ms. Richardson to attend a scheduled deposition, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Rule

---

[1] The Eleventh Circuit in Norman noted that, for centuries, the Court has been recognized as an expert on attorneys' fees. Id. "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

5

37(b)(2) requires an identical award against Ms. Richardson for "fail[ing] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(C). Ms. Richardson failed to respond to Defendant's Motion for Sanctions (Doc. No. [40]), and the Court finds no evidence suggesting that her absence "was substantially justified or other circumstances make an award of expenses unjust." Since Ms. Richardson's failure to appear violated the Court's order, and her counsel appears to have played no role in her lack of compliance with the Federal Rules, the Court concludes that Ms. Richardson should bear the costs of her violation.

Plaintiff's Response in Opposition (Doc. No. [49]) does not contest the reasonableness of Defendant's counsel's hourly rate of $285, and the Court finds that this rate is reasonable in light of Defendant's counsel's experience and skill. See Doc. No. [47-1], p. 1–2. Defendant's counsel also maintained records "with sufficient particularity so that the district court can assess the time claimed for each activity." Norman, 836 F.2d at 1303.

However, the Court finds Defendant's counsel's calculation of 8.4 hours excessive. Defendant's counsel filed his time sheet for billable time related to this discovery dispute. Doc. No. [47-1], p. 4–5. The first eight entries on this time sheet include time Defendant's counsel would have spent on this action regardless of Ms. Richardson's failure to appear for her deposition as ordered by this Court.

6

Thus, the Court excludes these eight entries totaling 2.2 hours. The Court finds the remaining time to be reasonable. Subtracting the 2.2 unreasonable hours from Defendant's counsel's request for 8.4 hours yields 6.2 hours. Multiplying this time by the hourly rate of $285 yields a total reasonable amount of attorneys' fees of $1,767.00.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff Joy Richardson is **ORDERED** to pay Defendant's counsel $1,767.00 in attorneys' fees.

**IT IS SO ORDERED**, this 13th day of July, 2015.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)