IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ANDREA MICKLE, individually and on behalf of all others similarly situated, | : : : : |
| Plaintiff, | : Civil Action File No. : 1:14-cv-01189-SCJ : |
| v. | : : |
| COUNTRY CLUB, INC. d/b/a GOLDRUSH SHOWBAR, | : : : |
| Defendant, | : : |

## JOINT MOTION
## FOR APPROVAL OF FLSA SETTLEMENT

The remaining Plaintiffs in this action, Lauren Houston, Shana McAllister, and April Lemon, along with Defendant Country Club, Inc., d/b/a GoldRush Showbar, move this Court to approve a settlement agreement ("Agreement") reached between the parties. The Agreement is attached as <u>Exhibit A</u>. The parties submit that the Court should approve the settlement for the reasons described below.

## Case Background

Original Plaintiff Andrea Mickle[s] brought this lawsuit against Defendant seeking to recover for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (FLSA). [ECF No. 1.] Plaintiff Mickles alleged that she was

an exotic dancer at Defendant's nightclub and was misclassified as an independent contractor. (*Id.* at ¶ 12.) She alleged that as a result of this misclassification, Defendant failed to pay her any minimum or overtime wages in violation of the FLSA. (*Id.* at ¶¶1-2.)

Defendant answered Plaintiff's amended complaint, denying most of the substantive allegations in the complaint, and alleging three counterclaims. (*See generally* Answer [ECF No. 5].)

The three remaining Plaintiffs filed notices of their consent to join the action. Lauren Houston filed her consent on June 11, 2014. [ECF No. 4.] Shana McAllister and April Lemon filed their Consents on August 26, 2014. [ECF Nos. 18, 19.]

On January 6, 2016, the Court denied Plaintiff's Motion for Conditional Certification and for Judicial Notice pursuant to 29 U.S.C. §216(b). [ECF No. 59]. On October 6, 2016, Country Club filed a motion for clarification, requesting that the Court determine the party status of Houston, McAllister, and Lemon. [ECF No. 64.] The Court issued a clarification order on October 17, 2016, indicating that in the Court's view, the opt-in Plaintiffs were not parties. [ECF No. 68.]

On or about October 24, 2016, Plaintiff Mickles and Defendant reached a proposed settlement agreement, and the Court approved their settlement on December 5, 2016. [Doc. 72.] Thereafter, Houston, McAllister, and Lemon

appealed to the Eleventh Circuit, which vacated the clarification order, and remanded. [ECF No. 83.] On May 22, 2018, this Court issued an order permitting Houston, McAllister, and Lemon to proceed with their individual claims. [ECF No. 87.]

The parties then entered settlement negotiations, and reached an agreement on all material terms on July 20, 2018.  The parties informed the Court by way of a notice of settlement filed on July 23, 2018. [ECF No. 92.]

## The Agreement

Under the Agreement, Defendant has agreed to pay a gross settlement amount of $80,000.  (Agreement at 3, ¶ III.1.)  That amount will be apportioned as follows: Plaintiff Houston will receive $10,805; Plaintiff McAllister will receive $12,134; Plaintiff Lemon will receive $5,896; and Plaintiffs' counsel will receive $51,165 as compensation for attorney fees and expenses incurred in the prosecution of this action. (*Id.*)  Defendant also agreed to dismiss its counterclaims with prejudice and forever release its claims against Plaintiffs and related persons. (*Id.* at 6.)

In exchange for the consideration described above, Plaintiffs have agreed to dismiss this action with prejudice and to forever release Defendant and its affiliated entities and persons for any claims related to Defendant's alleged failure to pay Plaintiffs for work performed at GoldRush Showbar; for violations of the

FLSA or any state wage and hour laws stemming from Plaintiffs' work with Defendant; and all claims raised in this action. (*Id.* at 5–6.) Plaintiffs also agreed to waive any other claims against Defendant which have been or could have been asserted based on circumstances arising prior to the date of the Agreement. (*Id.*)

The parties agreed that liability under the action was disputed and that the Agreement shall not be construed as an admission of liability by either party. (*Id.* at 7.) The parties agreed that the payment by Defendant of Plaintiffs' attorneys' fees/expenses under the Agreement will fully satisfy any and all of Plaintiffs' claims against Defendant for attorneys' fees, costs, and expenses. (*Id.* at 7.) Defendant will bear its own costs and attorneys' fees. (*Id.*)

### Argument: The Court Should Approve the Settlement

1. *Standard for Approval of FLSA Settlements*

The Eleventh Circuit requires that settlements in FLSA cases be supervised by the Secretary of Labor or approved by a Court. *Silva v. Miller*, 307 Fed. App'x 349 at 351 (11th Cir. 2009) (citing *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1352–54 (11th Cir. 1982)). Before entering a stipulated judgment, the Court must determine that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Lynn's Food Stores*, 679 F.2d at 1354 ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or

computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.").

   2. *The Settlement Is a Reasonable Compromise of a Bona Fide Dispute Regarding FLSA Liability*

The Court should approve the settlement because it reflects a reasonable compromise of a bona fide dispute regarding Defendant's FLSA liability. Defendant did not concede that Plaintiffs were misclassified as independent contractors, and although many courts have found adult entertainers working under similar conditions were "employees" protected by the FLSA, a few courts have reached the opposite conclusion. Thus, the employee status issue remained disputed by the parties, and in the absence of settlement, a trial and jury fact-finding would have been required to resolve the litigation.

Beyond the central classification issue, the parties also would have disputed the amount of damages Plaintiffs would have been entitled to if this case had gone to trial. In its answer, Defendant asserted numerous defenses and counterclaims that, if successful, may have reduced Plaintiffs' damages even if Plaintiffs had prevailed on the classification question. (*See, e.g.*, Answer, 1 (asserting defense that Plaintiff earned more than minimum wage); 4 (asserting defense that Defendant was entitled to credits or set-offs); 24–27 (asserting counterclaims).) The parties also disputed whether the applicable statute of limitations was two

years or three years, *see* 29 U.S.C. § 255(a) and the resolution of that issue could have significantly impacted Plaintiffs' available damages.

In light of these bona fide disputes regarding FLSA liability and damages, the compromise reached by the parties is reasonable.  The parties stipulate to the following:

1.    Documents produced by Defendant in discovery appeared to show that Plaintiffs performed at GoldRush for the following number of hours within the maximum 3-year limitation period:

    Houston:    1,490.15 hours
    McAllister: 1,673.5 hours
    Lemon:      812.85 hours

2.    Although Plaintiffs may have worked more hours than the documents reflected, Plaintiffs have no additional documentary evidence reflecting hours beyond the hours reflected in Defendant's business records. Therefore, in order to recover for more hours than Defendant's business records reflected, Plaintiffs would have had to establish additional hours through testimony alone, and the acceptance or rejection of that testimony would be a jury decision.

3.    Under the Agreement, the net settlement payments to Plaintiffs equal exactly 100% of the amount in unpaid minimum wages they would be owed, assuming that Plaintiffs prevailed legally on their misclassification claim and established to the jury that they indeed worked the number of hours listed above.

4. Thus, in agreeing to settle the action for these amounts, the Plaintiffs will recover the full minimum wage of $7.25 for each documented, unpaid hour, and Plaintiffs are foregoing only liquidated damages and the opportunity to attempt to prove they worked more hours than Defendant's documents show.

5. In exchange for those compromises, Plaintiffs will avoid the risk of losing the merits of their misclassification claim, avoid the risk of set-offs by way of Defendant's counter-claims, and avoid the risks of having their minimum wage damages reduced if the Court or jury were to find that Defendant's conduct was not willful, which would result in the application of a shorter, 2-year statute of limitations.

Plaintiffs may have worked more or fewer hours, but, as mentioned above, many facts and legal issues remained in dispute, so this settlement represents a reasonable compromise in light of the risks posed to both parties by continued litigation. By settling, the parties also avoid the cost and time burdens of conducting what would likely be at least a 2- or 3-day trial.

The Agreement provides for a payment from Defendant to Plaintiffs' counsel of $51,165 for attorneys' fees and expenses.  The fees are reasonable in light of the work performed over four years—including full discovery and an Eleventh Circuit appeal—and Plaintiffs' net recoveries listed above will not be

reduced by any further financial obligations to counsel. Plaintiffs' counsel will submit time and expense records if the Court requests them.

## Conclusion

For the reasons described above, the parties jointly request that the Court approve the proposed settlement agreement and enter the proposed Order.

Dated:  August 20, 2018                     Respectfully Submitted,

*/s/ Thomas A. Withers*                      */s/ Dean R. Fuchs*
Thomas A. Withers (Ga. No. 772250)   Dean R. Fuchs (Ga. No. 279170)
twithers@gwlllawfirm.com              d.fuchs@swtwlaw.com
**GILLEN WITHERS & LAKE, LLC**       **SCHULTEN, WARD TURNER &**
8 East Liberty Street                **WEISS, LLP**
Savannah, Georgia 31412              260 Peachtree Street
Tel:  (912) 447-8400                 Suite 2700
Fax:  (912) 233-6584                 Atlanta, GA  30303
                                     Tel: 404-688-6800
Gary F. Lynch                        Fax: 404-688-6840
glynch@carlsonlynch.com
Jamisen A. Etzel                     *Counsel for Defendant*
jetzel@carlsonlynch.com
**CARLSON LYNCH SWEET**
**KILPELA & CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel: 412-322-9243
Fax: 412-231-0246

*Counsel for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE AND SERVICE**

I certify that this document was created in 14 point Times New Roman font size and that true and correct copy of the above was filed with the Court's CM/ECF system on August 20, 2018, which will generate electronic service upon all attorneys of record.

*/s/ Dean R. Fuchs*
DEAN R. FUCHS